# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| WOKCHOW DEVELOPMENT, LLC, on behalf of itself and all others similarly situated, | |
| Plaintiff, | CIVIL ACTION |
| v. | FILE NO. _____ |
| DOORDASH, INC., | |
| Defendant. | **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff WokChow Development, LLC ("WokChow"), by and through its undersigned counsel, on behalf of itself and all persons and entities similarly situated, submits this Class Action Complaint and alleges the following based on personal knowledge as to allegations regarding Plaintiff and on information and belief as to other allegations.

## INTRODUCTION

1.

This is a civil action seeking declaratory relief, injunctive relief, and monetary damages from Defendant DoorDash, Inc. ("DoorDash") arising from the unauthorized and wrongful use of WokChow's name and resources to generate improper profits for DoorDash. While adding to DoorDash's bottom line, Defendant's improper conduct has harmed WokChow greatly via economic losses and reputational damage.

2.

Within the last decade, numerous technology companies have sprung up that use logistics services to offer food delivery from restaurants on-demand.

3.

DoorDash, like its competitors, Uber Eats, Waiter.com, Tapingo, Postmates, and GrubHub, connects with customers via a mobile phone app and arranges for its drivers or couriers to deliver food from a restaurant to the customer.

4.

DoorDash and its competitors often partner with various restaurants and cross-promote their respective services and food to potential customers.

5.

However, even in situations where a restaurant has not partnered with DoorDash, Defendant routinely, intentionally, and pervasively uses the name and likeness of a restaurant to promote DoorDash's services without authorization. This includes appropriating the restaurant's menu, which is then modified and used by DoorDash to gain sales.

6.

As a result, DoorDash intentionally creates the misimpression that these restaurants endorse DoorDash's services, when, in fact, they do not.

**PARTIES**

7.

Plaintiff WokChow Development, LLC d/b/a WokChow Fire Seared Asian ("WokChow") is a Tennessee limited liability company. WokChow owns and operates a restaurant in Knoxville, Tennessee.

8.

Defendant DoorDash, Inc., is a Delaware Corporation with a principal place of business at 116 New Montgomery St. 3rd Floor, San Francisco, CA 94105. Defendant delivers food from

2

restaurants to customers who place food orders online through the internet or mobile devices. DoorDash is registered to do business in the State of Tennessee and can be served via its registered agent, Registered Agent Solutions, Inc., at the following address: 992 Davidson Drive, Suite B, Nashville, TN 37205-1051.

## JURISDICTION AND VENUE

9.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d)(2) because there are more than 100 Class members and the aggregate amount in controversy exceeds $5 million exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

10.

This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within the State of Tennessee, such that Defendant has significant, continuous, and pervasive contacts in Tennessee.

11.

Venue lies within this judicial district under 28 U.S.C. § 1391(b)(1) because Defendant conducts business in this district, and a substantial portion of the events, omissions, and acts giving rise to the claims herein occurred in this district.

## COMMON FACTUAL ALLEGATIONS

12.

WokChow was created in 2010 by Timothy Joseph. WokChow operates WokChow Fire Seared Asian, a "fast-casual" Asian restaurant.

13.

WokChow is dedicated to using locally sourced meat and fresh vegetables that are delivered daily and are prepared before each service.

14.

WokChow is also locally owned and operated. It is not a franchise or large corporation. WokChow helps several local charities with fundraisers and community events throughout the year. Since WokChow is locally owned, every dollar that a customer spends remains in the community.

15.

WokChow has developed a reputation as Knoxville's best restaurant to enjoy Asian dishes, offering dine-in, take-out, and delivery services to its dedicated customer base.

16.

To better serve its customers, WokChow allows take-out and delivery orders to be placed through its online ordering system, or through its telephone number.

17.

WokChow has developed a substantial number of customers who use its online ordering system to place pick-up and delivery orders from the restaurant directly.

18.

Defendant is a food delivery business which promises delivery of various food items from restaurants in cities throughout the United States.

19.

WokChow is not affiliated with Defendant's delivery business and has never authorized, either orally or in writing, DoorDash to deliver its food products or use its name, logo, menu, or other resources.

20.

Despite the fact that DoorDash is in no way affiliated with WokChow, Defendant has advertised for a period of time that it delivers food from Plaintiff's restaurant and does so in a manner which improperly suggests it is affiliated with WokChow.

21.

In conjunction with these advertisements, DoorDash's website and promotional materials featured mock WokChow logos and menus. The WokChow menu used by DoorDash is incorrect in that it has included various mark-ups for the purposes of financial benefit to DoorDash. In addition to changing menu prices, DoorDash also adds ten percent (10%) to every order and charges a delivery fee which exceeds the WokChow delivery fee. These mark-ups incorrectly foster a misimpression about WokChow's pricing, which discourages those who view it from eating at WokChow, both by delivery directly from WokChow and via personal visits to the restaurant for in-person dining or take-out.

22.

WokChow did not authorize, and would never authorize, DoorDash to use the WokChow logo and menu to promote Defendant's delivery business. The menu presented as WokChow's by DoorDash is not a full menu, but rather leaves out numerous important dishes and menu items. The DoorDash mock-up of the WokChow menu creates a poor impression of the restaurant, one that is very much at odds with the real menu and environment at WokChow.

23.

Defendant's use of the WokChow logo and menu is intended to, and has, confused consumers as to Defendant's relationship with WokChow.

24.

As a result of receiving customer complaints about DoorDash, WokChow became aware that DoorDash has been using its logo and menu. DoorDash's poor service has often forced WokChow to spend staff time and resources to keep customers happy. For example, if a DoorDash delivery is late and the food is cold, customers often call WokChow to complain, sometimes demanding replacement orders. At other times, DoorDash has ordered food but not picked it up, causing a total loss for WokChow.

25.

DoorDash holds itself out as an approved delivery service for WokChow.

26.

This is particularly damaging to WokChow, which has developed and offers to its customers its own online ordering and food delivery service. Deliveries direct from WokChow will be cheaper, with higher quality control, and more profitable for WokChow. There is no good reason for a customer to use DoorDash.

27.

WokChow's owner and authorized representatives have contacted, and attempted to contact, DoorDash on several occasions to have WokChow removed from their online app and website. WokChow has called via telephone and written via email over a period of months. All such contacts have been ignored by DoorDash. WokChow was still shown on the DoorDash website as of the date of this filing.

28.

WokChow has suffered economic losses, including lost staff time, uncompensated food and preparation expenses, lost orders, and lost customers based on DoorDash's improper conduct.

29.

WokChow has suffered reputational damage and future losses based on DoorDash's poor service – which has the false appearance of being affiliated with WokChow – and the false impression created by the mocked-up menu, which includes off-putting pricing and selections.

## **CLASS ALLEGATIONS**

30.

Plaintiff brings this class action on behalf of itself and the following class of similarly situated restaurants:

> All restaurants in the United States which appear on Defendant's website but have not entered into any agreement with Defendant to provide delivery services during the relevant statute of limitations period.

31.

Plaintiff reserves the right to modify or amend the definition of the proposed Class, or other proposed classes or subclasses, before the Court determines whether certification is appropriate and as the Court may otherwise allow.

32.

Excluded from the Class are Defendant, its parents, subsidiaries, affiliates, officers, and directors, any entity in which Defendant has a controlling interest, all customers who make a timely election to be excluded, the government, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

33.

The time period for the Class is the number of years immediately preceding the date on which this Complaint is filed as allowed by the applicable statute of limitations, going forward into the future until such time as Defendant remedy the conduct complained of herein.

34.

The proposed Class meets all requirements for class certification. The members of the Class are so numerous that joinder is impractical. The Class consists of thousands of restaurants and the identity of those restaurants is within the knowledge of Defendant and can be ascertained by resort to Defendant's records.

35.

The claims of the representative Plaintiff are typical of the claims of the Class. Plaintiff, like all other members, had their name, menu, and/or logo displayed on Defendant's website without prior authorization. The representative Plaintiff, like all members of the Class, has been damaged by Defendant's misconduct. Furthermore, the factual basis of Defendant's misconduct is common to members of the Class and represents a common thread of conduct resulting in injury to all members of the Class.

36.

There are numerous questions of law and fact common to the Class and those common questions predominate over any questions affecting only individual Class members.

37.

Among the questions of law and fact common to the Class are whether Defendant:

    a.    Misrepresented that it was affiliated with certain restaurants when in fact it was not;

      b.      Displays the name, menu, and/or logo of various restaurants on its website without prior authorization;

      c.      Alters menus of restaurants to suit its own ends;

      d.      Tortiously interfered with restaurants in their dealings with customers; and

      e.      Was unjustly enriched through its practices.

38.

Other questions of law and fact common to the Class include:

      a.      The proper method or methods by which to measure damages, and

      b.      The declaratory and/or injunctive relief to which the Class is entitled.

39.

Plaintiff's claims are typical of the claims of other members of the Class in that they arise out of the same wrongful policies and practices of Defendant. Plaintiff has suffered the harm alleged and has no interests antagonistic to the interests of any other member of the Class.

40.

Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

41.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each individual Class member's claim is small relative to the complexity of the litigation, and due to the financial resources of Defendant, most Class members could not afford to seek legal redress individually for the claims alleged herein.

9
Case 3:18-cv-01142   Document 1   Filed 10/18/18   Page 9 of 19 PageID #: 9

Therefore, absent a class action, the Class members will be unable to obtain redress for their losses and Defendant's misconduct will have occurred without remedy.

42.

Even if Class members themselves could afford such individual litigation, the court system could not. Individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

43.

The prosecution of separate actions by individual Class members would create a risk of inconsistent and varying adjudications concerning the subject of this action, which adjudications could establish incompatible standards for Defendant.

44.

Defendant refuses to correct its conduct and such inaction is generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. Specifically, Defendant continues to knowingly use the name, menu, and/or logo in order to enhance its own financial interests. Class-wide declaratory and/or injunctive relief is appropriate to put an end to these illicit practices.

## CLAIMS FOR RELIEF

## COUNT ONE

### Declaratory Relief

45.

Plaintiff repeats paragraphs 1 through 44 above.

46.

Class-wide declaratory relief is appropriate where Defendant has "acted or refused to act on grounds generally applicable to the class."

47.

DoorDash displays WokChow's name, menu, and logo on its website and other promotional materials without prior authorization. Further, these materials are altered to suit DoorDash's purposes, and this creates a misimpression about pricing, menu options, and services which is unrelated to WokChow's business goals.

48.

DoorDash likewise displays the name, menu, and/or logo of other restaurants in the Class without proper authorization in order to promote its business. Further, these materials are altered to suit DoorDash's purposes, and this creates a misimpression about pricing, menu options, and services which is unrelated to the business goals of Class members.

49.

A judicial declaration is necessary and appropriate so WokChow and the Class members may ascertain their rights, duties, and obligations with respect to their restaurant names, menus, and/or logos.

50.

The Court should use its equitable powers to declare DoorDash's unauthorized use of the restaurant names, menus, and/or logos of WokChow and the members of the Class to be illegal at the earliest possible phase of the case.

## COUNT TWO

### Tortious Interference With Prospective Business Relations

51.

Plaintiff repeats paragraphs 1 through 44 above.

52.

Tennessee, like nearly all states, recognizes a cause of action for tortious interference with business relations. In order to prove a cause of action for tortious interference with business relations, one must prove:

(1) an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons;

(2) the defendant's knowledge of that relationship and not a mere awareness of the plaintiff's business dealings in general;

(3) the defendant's intent to cause the breach or termination of the business relationship;

(4) the defendant's improper motive or improper means; and

(5) damages resulting from the tortious interference.

53.

The non-exclusive list of means of interference with a prospective business relation that may be considered "improper" include: acts that are illegal or independently tortious, such as violations of statutes, regulations, or recognized common-law rules; fraud, misrepresentation, or

deceit; and those methods that violate an established standard of a trade or profession, or otherwise involve unethical conduct, such as sharp dealing, overreaching, or unfair competition.

54.

Under DoorDash's business plan, all elements of tortious interference are readily shown. Defendant knows full well that customers want food from WokChow and the Class members. DoorDash intentionally inserts itself as middle-man in this relationship, thereby taking many of the benefits of the transaction, and saddling WokChow and Class members with costs. For each successful customer transaction, DoorDash prevents the direct dealing between the client and the restaurant. DoorDash uses means that are improper based on several grounds, as described in detail above. The losses of WokChow and the Class are easily established.

55.

WokChow and the Class should be made whole and afforded all additional relief available for tortious interference.

## COUNT THREE

### Unjust Enrichment

56.

Plaintiff repeats paragraphs 1 through 44 above.

57.

Plaintiff, on behalf of itself and the Class, asserts a common law claim for unjust enrichment.

58.

By means of DoorDash's wrongful conduct alleged herein, Defendant knowingly engaged in practices against WokChow and members of the Class that were unfair, unconscionable, and oppressive.

59.

By holding itself out as an authorized delivery service of WokChow and members of the Class, Defendant knowingly received and retained benefits and funds that should have flowed to WokChow and members of the Class. In so doing, Defendant acted with conscious disregard for the rights of Plaintiff and members of the Class.

60.

As a result of Defendant's wrongful conduct as alleged herein, DoorDash has been unjustly enriched at the expense of, and to the detriment of, WokChow and members of the Class.

61.

Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

62.

Under the common law doctrine of unjust enrichment, it is inequitable for Defendant to be permitted to retain the benefits it has received, and is still receiving, without justification, from the unauthorized use of the name, menu, and/or logo of WokChow and members of the Class in an unfair, unconscionable, and oppressive manner. Defendant's retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment.

63.

The financial benefits derived by Defendant rightfully belong to WokChow and members of the Class. Defendant should be compelled to disgorge into a common fund for the benefit of Plaintiff and members of the Class all wrongful or inequitable proceeds. A constructive trust should be imposed upon all wrongful or inequitable sums received by Defendant traceable to Plaintiff and the members of the Class.

64.

Plaintiff and members of the Class have no adequate remedy at law.

## **COUNT FOUR**

**(on behalf of WokChow individually)**

**Violations of the Tennessee Consumer Protection Act**

65.

Plaintiff repeats paragraphs 1 through 29 above.

66.

WokChow asserts this claim only in its individual capacity and not on behalf of the proposed Class.

67.

Tenn. Code Ann. § 47-18-104(a) prohibits unfair or deceptive acts or practices affecting the conduct of any trade or commerce.

68.

Tenn. Code Ann. § 47-18-104(b)(1) prohibits falsely passing off goods or services as those of another.

69.

Tenn. Code Ann. § 47-18-104(b)(2) prohibits causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services.

70.

Tenn. Code Ann. § 47-18-104(b)(3) prohibits causing a likelihood of confusion as to affiliation, connection or association with, or certification by, another.

71.

Tenn. Code Ann. § 47-18-104(b)(5) prohibits representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have, or that a person has a sponsorship approval, status, affiliation, or connection that the person does not have.

72.

Tenn. Code Ann. § 47-18-104(b)(14) prohibits causing confusion or misunderstanding with respect to the authority of a salesperson, representative, or agent to negotiate the final terms of a consumer transaction.

73.

Tenn. Code Ann. § 47-18-104(b)(22) prohibits using any advertisement containing an offer to sell goods or services when the offer is not a bona fide effort to sell the advertised goods or services.

74.

Tenn. Code Ann. § 47-18-104(b)(27) prohibits engaging in any other act or practice which is deceptive to the consumer or to any other person.

75.

In numerous instances, in connection with the marketing of its food delivery services, DoorDash has represented, directly or indirectly, expressly or by implication, that it is an affiliate and an authorized delivery service for WokChow. It has also affirmatively misrepresented the menu items, pricing, and services of WokChow.

76.

In truth and in fact, DoorDash is not authorized to deliver food for WokChow, nor authorized to use WokChow's logo and menu on its website and other promotional materials that promote its services. WokChow has requested on several occasions that such improper and misleading content be removed from its online website and mobile app. DoorDash has refused to act.

77.

Therefore, Defendant's representations, as set forth in this Complaint, are false and misleading and constitute deceptive acts or practices in violation of Tenn. Code Ann. § 47-18-104(a), (b)(1), (b)(2), (b)(3), (b)(5), (b)(14), (b)(22), and (b)(27).

78.

Consumers have suffered and will continue to suffer substantial injury as a result of Defendant's violations of the TCPA. In addition, Defendant has been unjustly enriched as a result of its unlawful acts or practices. Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

79.

WokChow is further entitled to a permanent injunction preventing DoorDash from further unfair and deceptive trade practices, and any other relief as this Court considers necessary and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the proposed Class, requests that this Court enter judgment against Defendant as follows:

1. Awarding compensatory, general, presumed, and punitive damages;

2. Awarding restitution of all illicit revenue generated by Defendant as a result of the wrongs alleged herein in an amount to be determined at trial;

3. Compelling disgorgement of the ill-gotten gains derived by Defendant from its misconduct;

4. Awarding all damages suffered by WokChow pursuant to Tenn. Code Ann. § 47-18-109 and other applicable laws;

5. Awarding treble damages in accordance with Tenn. Code Ann. § 47-18-109;

6. Awarding costs of this action together with WokChow's reasonable attorney's fees in accordance with Tenn. Code Ann. § 47-18-109;

7. Awarding pre- and post-judgment interest at the maximum rate permitted by applicable law;

8. Granting a trial by jury; and

9. Awarding such other relief as this Court deems just and proper.

DATED this 17th day of October, 2018.

>Respectfully submitted,
>
>BY: WATSON BURNS, PLLC
>
>*/s/ William F. Burns*
>William F. Burns (Tenn. Bar No. 17908)
>253 Adams Avenue
>Memphis, Tennessee 38103
>(901) 529-7996
>bburns@watsonburns.com
>
>BY: WEBB, KLASE & LEMOND, LLC
>
>*/s/ E. Adam Webb*
>E. Adam Webb (Ga. Bar No. 743910)
>1900 The Exchange, S.E.
>Suite 480
>Atlanta, Georgia 30339
>(770) 444-0773
>Adam@WebbLLC.com
>
>*Attorneys for Plaintiff*