# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| WOKCHOW DEVELOPMENT, LLC, on behalf of itself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>DOORDASH, INC.,<br><br>        Defendant. | Civil Action No. 3:18-cv-01142<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT DOORDASH, INC.'S ANSWER TO PLAINTIFF WOKCHOW DEVELOPMENT, LLC'S CLASS ACTION COMPLAINT

Defendant DoorDash, Inc. ("DoorDash" or "Defendant"), by its undersigned counsel, hereby answers the Class Action Complaint of Plaintiff WokChow Development, LLC ("WokChow" or "Plaintiff") as follows, based on information reasonably available to Defendant:

## INTRODUCTION[1]

1.      This is a civil action seeking declaratory relief, injunctive relief, and monetary damages from Defendant DoorDash, Inc. ("DoorDash") arising from the unauthorized and wrongful use of WokChow's name and resources to generate improper profits for DoorDash. While adding to DoorDash's bottom line, Defendant's improper conduct has harmed WokChow greatly via economic losses and reputational damage.

**Response:**    As to the first sentence of this paragraph, that sentence states a legal conclusion to which no response is required.  To the extent a response is deemed required, denied.  As to the second sentence of this paragraph, denied.

---

[1] Defendant neither admits nor denies the contents of the various headings and subheadings in the Class Action Complaint, which are reproduced herein solely for convenience.

{01838081.3 }

2. Within the last decade, numerous technology companies have sprung up that use logistics services to offer food delivery from restaurants on-demand.

**Response:** DoorDash admits that since 2008, several technology platforms for facilitating food delivery have entered the marketplace. DoorDash denies any remaining allegations of this paragraph.

3. DoorDash, like its competitors, Uber Eats, Waiter.com, Tapingo, Postmates, and GrubHub, connects with customers via a mobile phone app and arranges for its drivers or couriers to deliver food from a restaurant to the customer.

**Response:** DoorDash admits that users can place orders via the DoorDash mobile phone app. DoorDash admits that it operates a technology platform for facilitating food delivery from a restaurant to a customer. DoorDash admits that Uber Eats, Waiter.com, Tapingo, Postmates, and GrubHub operate businesses that involve food delivery from a restaurant to a customer. DoorDash denies any remaining allegations of this paragraph.

4. DoorDash and its competitors often partner with various restaurants and cross-promote their respective services and food to potential customers.

**Response:** DoorDash admits that DoorDash has contractual arrangements with some of the restaurants from which food can be ordered via the DoorDash platform. DoorDash lacks knowledge or information sufficient to admit or deny the allegations of this paragraph as they relate to entities other than DoorDash, and on that basis denies them. DoorDash denies any remaining allegations of this paragraph.

5. However, even in situations where a restaurant has not partnered with DoorDash, Defendant routinely, intentionally, and pervasively uses the name and likeness of a restaurant to

{018 3808 1.3 }

promote DoorDash's services without authorization. This includes appropriating the restaurant's menu, which is then modified and used by DoorDash to gain sales.

**Response:** DoorDash admits that DoorDash does not have contractual arrangements with some of the restaurants from which food can be ordered via the DoorDash platform. DoorDash admits that it uses the name and menu listing for all of the restaurants from which food can be ordered via the DoorDash platform in order to facilitate the placing of orders and the delivery of food from those restaurants. DoorDash denies any remaining allegations of this paragraph.

6. As a result, DoorDash intentionally creates the misimpression that these restaurants endorse DoorDash's services, when, in fact, they do not.

**Response:** Denied.

**PARTIES**

7. Plaintiff WokChow Development, LLC d/b/a WokChow Fire Seared Asian ("WokChow") is a Tennessee limited liability company. WokChow owns and operates a restaurant in Knoxville, Tennessee.

**Response:** DoorDash is without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

8. Defendant DoorDash, Inc., is a Delaware Corporation with a principal place of business at 116 New Montgomery St. 3rd Floor, San Francisco, CA 94105. Defendant delivers food from restaurants to customers who place food orders online through the internet or mobile devices. DoorDash is registered to do business in the State of Tennessee and can be served via its registered agent, Registered Agent Solutions, Inc., at the following address: 992 Davidson Drive, Suite B, Nashville, TN 37205-1051.

{018 3808 1.3 }

**Response:** DoorDash admits the allegations of the third sentence of this paragraph. DoorDash admits that it is a Delaware Corporation with a principal place of business in San Francisco, California. DoorDash admits that it operates a technology platform for facilitating food delivery from a restaurant to a customer. DoorDash denies any remaining allegations of this paragraph.

## JURISDICTION AND VENUE

9. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d)(2) because there are more than 100 Class members and the aggregate amount in controversy exceeds $5 million exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

**Response:** Denied.

10. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within the State of Tennessee, such that Defendant has significant, continuous, and pervasive contacts in Tennessee.

**Response:** Denied.

11. Venue lies within this judicial district under 28 U.S.C. § 1391(b)(l) because Defendant conducts business in this district, and a substantial portion of the events, omissions, and acts giving rise to the claims herein occurred in this district.

**Response:** Denied.

## COMMON FACTUAL ALLEGATIONS

12. WokChow was created in 2010 by Timothy Joseph. WokChow operates WokChow Fire Seared Asian, a "fast-casual" Asian restaurant.

**Response:** DoorDash is without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

13. WokChow is dedicated to using locally sourced meat and fresh vegetables that are delivered daily and are prepared before each service.

**Response:** DoorDash is without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

14. WokChow is also locally owned and operated. It is not a franchise or large corporation. WokChow helps several local charities with fundraisers and community events throughout the year. Since WokChow is locally owned, every dollar that a customer spends remains in the community.

**Response:** DoorDash is without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

15. WokChow has developed a reputation as Knoxville's best restaurant to enjoy Asian dishes, offering dine-in, take-out, and delivery services to its dedicated customer base.

**Response:** DoorDash is without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

16. To better serve its customers, WokChow allows take-out and delivery orders to be placed through its online ordering system, or through its telephone number.

**Response:** DoorDash is without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

17. WokChow has developed a substantial number of customers who use its online ordering system to place pick-up and delivery orders from the restaurant directly.

**Response:** DoorDash is without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

18. Defendant is a food delivery business which promises delivery of various food items from restaurants in cities throughout the United States.

**Response:** DoorDash admits that it operates a technology platform for facilitating food delivery from a restaurant to a customer. DoorDash admits that it operates in a number of markets within the United States. DoorDash denies any remaining allegations of this paragraph.

19. WokChow is not affiliated with Defendant's delivery business and has never authorized, either orally or in writing, DoorDash to deliver its food products or use its name, logo, menu, or other resources.

**Response:** DoorDash admits that WokChow has no contractual relationship with DoorDash and that WokChow has not provided express authorization to DoorDash to use materials relating to WokChow. DoorDash denies any remaining allegations of this paragraph.

20. Despite the fact that DoorDash is in no way affiliated with WokChow, Defendant has advertised for a period of time that it delivers food from Plaintiff's restaurant and does so in a manner which improperly suggests it is affiliated with WokChow.

**Response:** DoorDash admits that WokChow has no contractual relationship with DoorDash. DoorDash admits that it has truthfully stated that users of the DoorDash platform can place orders for WokChow's food via the DoorDash platform and receive delivery of that food. DoorDash denies any remaining allegations of this paragraph.

21. In conjunction with these advertisements, DoorDash's website and promotional materials featured mock WokChow logos and menus. The WokChow menu used by DoorDash is incorrect in that it has included various mark-ups for the purposes of financial benefit to

{018 3808 1.3 }

DoorDash.  In addition to changing menu prices, DoorDash also adds ten percent (10%) to every order and charges a delivery fee which exceeds the WokChow delivery fee.  These mark-ups incorrectly foster a misimpression about WokChow's pricing, which discourages those who view it from eating at WokChow, both by delivery directly from WokChow and via personal visits to the restaurant for in-person dining or take-out.

**Response:**     DoorDash admits that, in order to facilitate the placement of orders for WokChow's food via the DoorDash platform, DoorDash has used the WokChow logo solely to truthfully identify the source of the food being delivered, and has used the WokChow menu listing in order to inform users of the items available to be ordered from WokChow.  DoorDash admits that it charges a service fee on each order, which is separately disclosed to the user, and that this service fee is sometimes 10% of the order total.  DoorDash admits that it charges a delivery fee on each order, which is separately disclosed to the user.  DoorDash is without knowledge or information sufficient to admit or deny the amount of the delivery fee WokChow charges for its own deliveries, and on that basis denies that the DoorDash delivery fee exceeds the delivery fee WokChow charges for its own deliveries.  DoorDash denies the remaining allegations of this paragraph.

22.     WokChow did not authorize, and would never authorize, DoorDash to use the WokChow logo and menu to promote Defendant's delivery business.  The menu presented as WokChow's by DoorDash is not a full menu, but rather leaves out numerous important dishes and menu items.  The DoorDash mock-up of the WokChow menu creates a poor impression of the restaurant, one that is very much at odds with the real menu and environment at WokChow.

**Response:**     DoorDash admits that WokChow has not provided express authorization to DoorDash to use materials relating to WokChow.  DoorDash is without knowledge or

{018
3808
1.3 }

information sufficient to admit or deny WokChow's allegations regarding the contents of its menu, and on that basis denies them. DoorDash denies the remaining allegations of this paragraph.

23. Defendant's use of the WokChow logo and menu is intended to, and has, confused consumers as to Defendant's relationship with WokChow.

**Response:** Denied.

24. As a result of receiving customer complaints about DoorDash, WokChow became aware that DoorDash has been using its logo and menu. DoorDash's poor service has often forced WokChow to spend staff time and resources to keep customers happy. For example, if a DoorDash delivery is late and the food is cold, customers often call WokChow to complain, sometimes demanding replacement orders. At other times, DoorDash has ordered food but not picked it up, causing a total loss for WokChow.

**Response:** DoorDash is without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

25. DoorDash holds itself out as an approved delivery service for WokChow.

**Response:** Denied.

26. This is particularly damaging to WokChow, which has developed and offers to its customers its own online ordering and food delivery service. Deliveries direct from WokChow will be cheaper, with higher quality control, and more profitable for WokChow. There is no good reason for a customer to use DoorDash.

**Response:** DoorDash is without knowledge or information sufficient to admit or deny the allegations of the second sentence of this paragraph, and on that basis denies them. DoorDash denies the remaining allegations of this paragraph.

{018 3808 1.3 }

8

27. WokChow's owner and authorized representatives have contacted, and attempted to contact, DoorDash on several occasions to have WokChow removed from their online app and website. WokChow has called via telephone and written via email over a period of months. All such contacts have been ignored by DoorDash. WokChow was still shown on the DoorDash website as of the date of this filing.

**Response:** DoorDash admits that WokChow was still shown on the DoorDash website as of October 18, 2018, and that it was removed on October 19, 2018. DoorDash denies the remaining allegations of this paragraph.

28. WokChow has suffered economic losses, including lost staff time, uncompensated food and preparation expenses, lost orders, and lost customers based on DoorDash's improper conduct.

**Response:** Denied.

29. WokChow has suffered reputational damage and future losses based on DoorDash's poor service – which has the false appearance of being affiliated with WokChow – and the false impression created by the mocked-up menu, which includes off-putting pricing and selections.

**Response:** Denied.

**CLASS ALLEGATIONS**

30. Plaintiff brings this class action on behalf of itself and the following class of similarly situated restaurants:

> All restaurants in the United States which appear on Defendant's website but have not entered into any agreement with Defendant to provide delivery services during the relevant statute of limitations period.

**Response:** This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

31. Plaintiff reserves the right to modify or amend the definition of the proposed Class, or other proposed classes or subclasses, before the Court determines whether certification is appropriate and as the Court may otherwise allow.

**Response:** This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

32. Excluded from the Class are Defendant, its parents, subsidiaries, affiliates, officers, and directors, any entity in which Defendant has a controlling interest, all customers who make a timely election to be excluded, the government, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

**Response:** This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

33. The time period for the Class is the number of years immediately preceding the date on which this Complaint is filed as allowed by the applicable statute of limitations, going forward into the future until such time as Defendant remedy the conduct complained of herein.

**Response:** This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

34. The proposed Class meets all requirements for class certification. The members of the Class are so numerous that joinder is impractical. The Class consists of thousands of restaurants and the identity of those restaurants is within the knowledge of Defendant and can be ascertained by resort to Defendant's records.

{018
3808
1.3 }

**Response:** This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

35. The claims of the representative Plaintiff are typical of the claims of the Class. Plaintiff, like all other members, had their name, menu, and/or logo displayed on Defendant's website without prior authorization. The representative Plaintiff, like all members of the Class, has been damaged by Defendant's misconduct. Furthermore, the factual basis of Defendant's misconduct is common to members of the Class and represents a common thread of conduct resulting in injury to all members of the Class.

**Response:** This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

36. There are numerous questions of law and fact common to the Class and those common questions predominate over any questions affecting only individual Class members.

**Response:** This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

37. Among the questions of law and fact common to the Class are whether Defendant:

a. Misrepresented that it was affiliated with certain restaurants when in fact it was not;

b. Displays the name, menu, and/or logo of various restaurants on its website without prior authorization;

c. Alters menus of restaurants to suit its own ends;

d. Tortiously interfered with restaurants in their dealings with customers; and

e. Was unjustly enriched through its practices.

{018 3808 1.3 }

**Response:** This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

38. Other questions of law and fact common to the Class include:

   a. The proper method or methods by which to measure damages, and

   b. The declaratory and/or injunctive relief to which the Class is entitled.

**Response:** This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

39. Plaintiff's claims are typical of the claims of other members of the Class in that they arise out of the same wrongful policies and practices of Defendant. Plaintiff has suffered the harm alleged and has no interests antagonistic to the interests of any other member of the Class.

**Response:** This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

40. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**Response:** This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each individual Class member's claim is small relative to the complexity of the litigation, and due to the financial resources of Defendant, most Class members could not afford to seek legal redress individually for the claims alleged

{018 3808 1.3 }

12

herein. Therefore, absent a class action, the Class members will be unable to obtain redress for their losses and Defendant's misconduct will have occurred without remedy.

**Response:** This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

42. Even if Class members themselves could afford such individual litigation, the court system could not. Individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

**Response:** This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

43. The prosecution of separate actions by individual Class members would create a risk of inconsistent and varying adjudications concerning the subject of this action, which adjudications could establish incompatible standards for Defendant.

**Response:** This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

44. Defendant refuses to correct its conduct and such inaction is generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. Specifically, Defendant continues to knowingly use the name, menu, and/or logo in order to enhance its own financial interests. Class-wide declaratory and/or injunctive relief is appropriate to put an end to these illicit practices.

**Response:** Denied.

## CLAIMS FOR RELIEF

### COUNT ONE

### Declaratory Relief

45. Plaintiff repeats paragraphs 1 through 44 above.

**Response:** Defendant repeats its responses to paragraphs 1 through 44 above.

46. Class-wide declaratory relief is appropriate where Defendant has "acted or refused to act on grounds generally applicable to the class."

**Response:** This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

47. DoorDash displays WokChow's name, menu, and logo on its website and other promotional materials without prior authorization. Further, these materials are altered to suit Door Dash' s purposes, and this creates a misimpression about pricing, menu options, and services which is unrelated to WokChow's business goals.

**Response:** Denied.

48. DoorDash likewise displays the name, menu, and/or logo of other restaurants in the Class without proper authorization in order to promote its business. Further, these materials are altered to suit DoorDash's purposes, and this creates a misimpression about pricing, menu options, and services which is unrelated to the business goals of Class members.

**Response:** Denied.

49. A judicial declaration is necessary and appropriate so WokChow and the Class members may ascertain their rights, duties, and obligations with respect to their restaurant names, menus, and/or logos.

{018 3808 1.3 }

**Response:** Denied.

50. The Court should use its equitable powers to declare DoorDash's unauthorized use of the restaurant names, menus, and/or logos of WokChow and the members of the Class to be illegal at the earliest possible phase of the case.

**Response:** Denied.

## COUNT TWO

### Tortious Interference With Prospective Business Relations

51. Plaintiff repeats paragraphs 1 through 44 above.

**Response:** Defendant repeats its responses to paragraphs 1 through 44 above.

52. Tennessee, like nearly all states, recognizes a cause of action for tortious interference with business relations. In order to prove a cause of action for tortious interference with business relations, one must prove:

(1) an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons;

(2) the defendant's knowledge of that relationship and not a mere awareness of the plaintiff's business dealings in general;

(3) the defendant's intent to cause the breach or termination of the business relationship;

(4) the defendant's improper motive or improper means; and

(5) damages resulting from the tortious interference.

**Response:** This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

53.     The non-exclusive list of means of interference with a prospective business relation that may be considered "improper" include: acts that are illegal or independently tortious, such as violations of statutes, regulations, or recognized common-law rules; fraud, misrepresentation, or deceit; and those methods that violate an established standard of a trade or profession, or otherwise involve unethical conduct, such as sharp dealing, overreaching, or unfair competition.

**Response:**     This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

54.     Under DoorDash's business plan, all elements of tortious interference are readily shown.  Defendant knows full well that customers want food from WokChow and the Class members.  DoorDash intentionally inserts itself as middle-man in this relationship, thereby taking many of the benefits of the transaction, and saddling WokChow and Class members with costs.  For each successful customer transaction, DoorDash prevents the direct dealing between the client and the restaurant.  DoorDash uses means that are improper based on several grounds, as described in detail above.  The losses of WokChow and the Class are easily established.

**Response:**     Denied.

55.     WokChow and the Class should be made whole and afforded all additional relief available for tortious interference.

**Response:**     Denied.

### COUNT THREE

### Unjust Enrichment

56.     Plaintiff repeats paragraphs 1 through 44 above.

**Response:**     Defendant repeats its responses to paragraphs 1 through 44 above.

{018 3808 1.3 }

57.	Plaintiff, on behalf of itself and the Class, asserts a common law claim for unjust enrichment.

**Response:**	This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

58.	By means of DoorDash's wrongful conduct alleged herein, Defendant knowingly engaged in practices against WokChow and members of the Class that were unfair, unconscionable, and oppressive.

**Response:**	Denied.

59.	By holding itself out as an authorized delivery service of WokChow and members of the Class, Defendant knowingly received and retained benefits and funds that should have flowed to WokChow and members of the Class.  In so doing, Defendant acted with conscious disregard for the rights of Plaintiff and members of the Class.

**Response:**	Denied.

60.	As a result of Defendant's wrongful conduct as alleged herein, DoorDash has been unjustly enriched at the expense of, and to the detriment of, WokChow and members of the Class.

**Response:**	Denied.

61.	Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

**Response:**	Denied.

62.	Under the common law doctrine of unjust enrichment, it is inequitable for Defendant to be permitted to retain the benefits it has received, and is still receiving, without justification, from the unauthorized use of the name, menu, and/or logo of WokChow and

members of the Class in an unfair, unconscionable, and oppressive manner.  Defendant's retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment.

**Response:**    Denied.

63.    The financial benefits derived by Defendant rightfully belong to WokChow and members of the Class. Defendant should be compelled to disgorge into a common fund for the benefit of Plaintiff and members of the Class all wrongful or inequitable proceeds.  A constructive trust should be imposed upon all wrongful or inequitable sums received by Defendant traceable to Plaintiff and the members of the Class.

**Response:**    Denied.

64.    Plaintiff and members of the Class have no adequate remedy at law.

**Response:**    Denied.

## COUNT FOUR

### (on behalf of WokChow individually)

### Violations of the Tennessee Consumer Protection Act

65.    Plaintiff repeats paragraphs 1 through 29 above.

**Response:**    Defendant repeats its responses to paragraphs 1 through 29 above.

66.    WokChow asserts this claim only in its individual capacity and not on behalf of the proposed Class.

**Response:**    This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

67.    Tenn. Code Ann. § 47-18-104(a) prohibits unfair or deceptive acts or practices affecting the conduct of any trade or commerce.

**Response:** This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

68. Tenn. Code Ann. § 47-18-104(b)(l) prohibits falsely passing off goods or services as those of another.

**Response:** This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

69. Tenn. Code Ann. § 47-18-104(b)(2) prohibits causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services.

**Response:** This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

70. Tenn. Code Ann. § 47-18-104(b)(3) prohibits causing a likelihood of confusion as to affiliation, connection or association with, or certification by, another.

**Response:** This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

71. Tenn. Code Ann. § 47-18-104(b)(5) prohibits representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have, or that a person has a sponsorship approval, status, affiliation, or connection that the person does not have.

**Response:** This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

72. Tenn. Code Ann. § 47-18-104(b)(14) prohibits causing confusion or misunderstanding with respect to the authority of a salesperson, representative, or agent to negotiate the final terms of a consumer transaction.

**Response:** This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

73. Tenn. Code Ann. § 47-18-104(b)(22) prohibits using any advertisement containing an offer to sell goods or services when the offer is not a bona fide effort to sell the advertised goods or services.

**Response:** This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

74. Tenn. Code Ann. § 47-18-104(b)(27) prohibits engaging in any other act or practice which is deceptive to the consumer or to any other person.

**Response:** This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

75. In numerous instances, in connection with the marketing of its food delivery services, DoorDash has represented, directly or indirectly, expressly or by implication, that it is an affiliate and an authorized delivery service for WokChow. It has also affirmatively misrepresented the menu items, pricing, and services of WokChow.

**Response:** Denied.

76. In truth and in fact, Door Dash is not authorized to deliver food for WokChow, nor authorized to use WokChow's logo and menu on its website and other promotional materials that promote its services. WokChow has requested on several occasions that such improper and misleading content be removed from its online website and mobile app. DoorDash has refused to act.

**Response:** Denied.

{018
3808
1.3 }

77. Therefore, Defendant's representations, as set forth in this Complaint, are false and misleading and constitute deceptive acts or practices in violation of Tenn. Code Ann. § 47-18-104(a), (b)(l), (b)(2), (b)(3), (b)(5), (b)(14), (b)(22), and (b)(27).

**Response:** Denied.

78. Consumers have suffered and will continue to suffer substantial injury as a result of Defendant's violations of the TCPA. In addition, Defendant has been unjustly enriched as a result of its unlawful acts or practices. Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

**Response:** Denied.

79. WokChow is further entitled to a permanent injunction preventing DoorDash from further unfair and deceptive trade practices, and any other relief as this Court considers necessary and proper.

**Response:** Denied.

DoorDash denies all allegations not expressly admitted.

**<u>PRAYER FOR RELIEF</u>**

With respect to the prayer for relief contained in Plaintiff's Complaint, DoorDash states that no response is required. To the extent a response is required, DoorDash denies that Plaintiff is entitled to any of the relief requested and denies any factual allegations therein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

#### *(Failure to State a Cause of Action)*

The Complaint fails to state a claim on which relief can be granted.

### Second Affirmative Defense

#### *(First Amendment and/or Fair Use)*

To the extent there was any use of Plaintiff's names or materials, such use is protected by

the First Amendment of the United States Constitution and/or the Fair Use Doctrine.

### Third Affirmative Defense

#### *(License)*

Plaintiff's claims fail in whole or in part because the complained-of use was validly

licensed by express or implied license.

### Fourth Affirmative Defense

#### *(Waiver, Abandonment, and/or Forfeiture)*

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, abandonment,

and/or forfeiture.

### Fifth Affirmative Defense

#### *(Unclean Hands)*

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean

hands.

### Sixth Affirmative Defense

#### *(Laches)*

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**Seventh Affirmative Defense**

*(Estoppel)*

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**Eighth Affirmative Defense**

*(Acquiescence, Ratification, and/or Consent)*

Plaintiff's claims are barred in whole or in part by the doctrines of acquiescence, ratification, and/or consent.

**Ninth Affirmative Defense**

*(No Willfulness)*

Plaintiff's claims fail in whole or in part because DoorDash's conduct was innocent, not willful.

**Tenth Affirmative Defense**

*(Statutes of Limitations)*

Plaintiff's remedies are barred at least in part by the applicable statutes of limitations.

**Eleventh Affirmative Defense**

*(Failure to Mitigate)*

Plaintiff is barred from recovery of damages because of and to the extent of its failure to mitigate their alleged damages (to which, in any event, it is not entitled).

**Twelfth Affirmative Defense**

*(No Causation)*

Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, were caused by independent, intervening, and/or superseding events beyond the control of DoorDash and unrelated to DoorDash's conduct. Any loss, injury, or damage claimed by Plaintiff was proximately caused by Plaintiff's own acts or omissions, forces, and events unrelated to

DoorDash's conduct, and/or the acts or omissions of persons or entities other than DoorDash, which DoorDash does not control.

**Thirteenth Affirmative Defense**

*(Injunctive Relief Unavailable)*

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable and because Plaintiff has an adequate remedy—if any—at law.

**Fourteenth Affirmative Defense**

*(Nominative Use)*

To the extent there was any use of Plaintiff's names or materials, such use was reasonably necessary to identify the product or service in question.[2]

**PRAYER FOR RELIEF**

WHEREFORE, DoorDash respectfully prays that the Court:

1.      Deny Plaintiff's prayer for relief in it its entirety;

2.      Dismiss the Complaint with prejudice and enter judgment in favor of DoorDash;

3.      Award DoorDash its attorneys' fees and costs incurred in this action, and any other amounts recoverable under law; and

4.      Award DoorDash such other and further relief as the Court deems just and equitable.

5.      DoorDash hereby demands a trial by jury in this action.

Dated:  December 18, 2018

---

[2] DoorDash reserves the right to assert any other additional factual, legal, or affirmative defenses that it may learn throughout discovery in this matter.

{018 3808 1.3 }

Respectfully submitted,


DURIE TANGRI LLP


By:  /s/ Joseph C. Gratz
    Ragesh K. Tangri (*Pro Hac Vice*)
    Joseph C. Gratz (*Pro Hac Vice*)
    Lauren E. Kapsky (*Pro Hac Vice)*
    217 Leidesdorff Street
    San Francisco, CA  94111
    Telephone:    415-362-6666
    Facsimile:    415-236-6300
    rtangri@durietangri.com
    jgratz@durietangri.com
    lkapsky@durietangri.com

    Stephen J. Zralek (BPR No. 018971)
    Maria Q. Campbell (BPR No. 033270)
    BONE MCALLESTER NORTON PLLC
    511 Union Street, Suite 1600
    Nashville, TN 37219
    Telephone:    615-238-6300
    Facsimile:    615-238-6301
    szralek@bonelaw.com
    mcampbell@bonelaw.com

    *Attorneys for Defendant,*
    *DOORDASH, INC.*

{018
3808
1.3 }

## <u>CERTIFICATE OF SERVICE</u>

I hereby that I served the foregoing document on all counsel of record via CM/ECF on

this 18th day of December, 2018.

William F. Burns
WATSON BURNS, PLLC
253 Adams Ave.
Memphis, TN 38103
(901) 529-7996
bburns@watsonburns.com

E. Adams Webb
WEBB, KLASE & LEMOND, LLC
1900 The Exchange, S.E., Suite 480
Atlanta, GA 30339
(770) 444-0773
adam@webbllc.com

*Attorneys for Plaintiff,*
*WOKCHOW DEVELOPMENT, LLC*

*/s/ Stephen J. Zralek*

{018
3808
1.3 }

26