# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| WOKCHOW DEVELOPMENT, LLC, on behalf of itself and all others similarly situated, | ) ) | Case No.: 3:18-cv-01142 |
| Plaintiff, | ) ) ) | JUDGE RICHARDSON MAGISTRATE JUDGE FRENSELEY |
| v. | ) ) | |
| DOORDASH, INC., | ) ) | |
| Defendant. | ) ) | |

## DEFENDANT DOORDASH, INC.'S MOTION TO TRANSFER OR, IN THE ALTERNATIVE, STAY

Defendant DoorDash, Inc. ("DoorDash") respectfully moves to transfer or, in the alternative, stay. As set forth more fully in the contemporaneously-filed memorandum of law and Declaration of Joseph C. Gratz, the putative class action in the present case is merely a copycat of a class action that has been pending for almost a year in the Northern District of Illinois. *See Burger Antics, Inc. v. DoorDash, Inc.*, 1:18-cv-00133 (N.D. Ill.). The two cases are substantially the same, albeit with different named plaintiffs and differently labeled (but functionally equivalent) causes of action.

There is no legitimate reason for WokChow to burden this Court and DoorDash with a second lawsuit with overlapping issues and parties. Under well-established precedent in the Sixth Circuit, this case should be transferred under the first-to-file rule to the Northern District of Illinois or, in the alternative, stayed pending either the resolution of the Illinois Action or the denial of class certification in that Action. *See Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016); *Cook v. E.I. DuPont de Nemours & Co.*, No. 3:17-CV-00909, 2017 WL 3315637, at *2–6 (M.D. Tenn. Aug. 3, 2017) (following *Baatz*) (Trauger, J.) (granting motion to transfer). No equitable factors weigh against a transfer or stay. *See, e.g.*, *id.*

{01839142.1 }1

Accordingly, DoorDash respectfully moves that this case be transferred to the Northern District of Illinois or stayed pending resolution of that lawsuit or the Illinois court's denial of class certification.

Pursuant to Local Rule 7.01, DoorDash states that counsel for DoorDash has conferred with counsel for WokChow, and that WokChow opposes the relief sought in this motion.

Respectfully submitted this 20th day of December, 2018.

Dated:  December 20, 2018                    DURIE TANGRI LLP


By:  */s/ Joseph C. Gratz*
Ragesh K. Tangri (*Pro Hac Vice*)
Joseph C. Gratz (*Pro Hac Vice*)
Lauren E. Kapsky (*Pro Hac Vice)*
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:     415-362-6666
Facsimile:     415-236-6300
rtangri@durietangri.com
jgratz@durietangri.com
lkapsky@durietangri.com


Stephen J. Zralek (BPR No. 018971)
Maria Q. Campbell (BPR No. 033270)
BONE MCALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, TN 37219
Telephone:     615-238-6300
Facsimile:     615-238-6301
szralek@bonelaw.com
mcampbell@bonelaw.com

*Attorneys for Defendant*
*DOORDASH, INC.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing document on all counsel of record via

CM/ECF on this 20th day of December, 2018.

William F. Burns, Esq.
WATSON BURNS, PLLC
253 Adams Ave.
Memphis, TN 38103
(901) 529-7996
bburns@watsonburns.com

E. Adams Webb, Esq.
WEBB, KLASE & LEMOND, LLC
1900 The Exchange, S.E., Suite 480
Atlanta, GA 30339
(770) 444-0773
adam@webbllc.com

*Attorneys for Plaintiff*
*WOKCHOW DEVELOPMENT, LLC*

*/s/ Stephen J. Zralek*
Stephen J. Zralek

{01839142.1 }

3