# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

WOKCHOW DEVELOPMENT, LLC, on
behalf of itself and all others similarly situated,

        Plaintiff,

  v.

DOORDASH, INC.,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.:  3:18-cv-01142

JUDGE RICHARDSON
MAGISTRATE JUDGE FRENSELEY

## DEFENDANT DOORDASH, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER OR, IN THE ALTERNATIVE, STAY

{01839146.1 }

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. FACTS ....................................................................................................................................1

    A.    DoorDash and Its Business ..........................................................................................1

    B.    The Illinois Action .......................................................................................................2

    C.    The Tennessee Action...................................................................................................3

III. ARGUMENT...........................................................................................................................4

    A.    Legal Standard .............................................................................................................4

    B.    The Illinois Action Was Filed First ............................................................................5

    C.    The Parties Are Substantially Similar..........................................................................5

    D.    The Issues Are Substantially Similar............................................................................7

    E.    No Equitable Factors Weigh Against Transfer or Stay ...............................................12

IV. CONCLUSION......................................................................................................................13

**Page(s)**

**Cases**

*Baatz v. Columbia Gas Transmission, LLC*,
    814 F.3d 785 (6th Cir. 2016) ........................................................................................ *passim*

*Brimstone Recreation, LLC v. Trails End Campground, LLC*,
    No. 3:13-CV-331-PLR-HBG, 2014 WL 4722501 (E.D. Tenn. Sept. 22, 2014) ......................9

*Burger Antics, Inc. v. DoorDash, Inc.*,
    1:18-cv-00133 (N.D. Ill., filed Jan. 8, 2018) ........................................................................1, 2

*Cook v. E.I. DuPont de Nemours & Co.*,
    No. 3:17-cv-00909, 2017 WL 3315637 (M.D. Tenn. Aug. 3, 2017) (Trauger,
    J.)........................................................................................................................4, 5, 7, 12

*Freeman Indus., LLC v. Easman Chem. Co.*,
    172 S.W.3d 512 (Tenn. 2005)....................................................................................................9

*Fuller v. Abercrombie & Fitch Stores, Inc.*,
    370 F. Supp. 2d 686 (E.D. Tenn. 2005)....................................................................5, 6, 7, 11

*Hughes v. Berryhill*,
    No. 16-352-ART, 2017 WL 3000035 (E.D. Ky. Feb. 21, 2017).........................................4, 11

*KJ Korea, Inc. v. Health Korea, Inc.*,
    66 F. Supp. 3d 1005 (N.D. Ill. 2014) ........................................................................................8

*Microsoft Corp. v. Sellers*,
    411 F. Supp. 2d 913 (E.D. Tenn. 2006)....................................................................................9

*NCR Corp. v. First Fin. Computer Servs. Inc.*,
    492 F. Supp. 2d 864 (S.D. Ohio 2007) ................................................................................7, 11

*Norvell Skin Sols., LLC v. Solaire Pty Ltd.*,
    No. 2:13-cv-0117, 2014 WL 3353246 (M.D. Tenn. July 8, 2014)..........................................10

*Plantronics, Inc. v. Clarity, LLC*,
    No. 1:02-CV-126, 2002 WL 32059746 (E.D. Tenn. July 17, 2002) ......................................12

*Pureworks, Inc. v. Brady Corp.*,
    No. 3:09-cv-983, 2010 WL 3724229 (M.D. Tenn. Sept. 15, 2010) .........................................9

*SNMP Research, Inc. v. Avaya, Inc.*,
    No. 3:12-CV-117, 2013 WL 474846 (E.D. Tenn. Feb. 7, 2013)............................................11

*Tennessee Walking Horse Breeders' & Exhibitors' Ass'n v. Nat'l Walking Horse Ass'n*,
    No. 1:05-0088, 2007 WL 325774 (M.D. Tenn. Jan. 31, 2007) ..................................................9

*Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assoc., Inc.*,
    16 F. App'x 433 (6th Cir. July 31, 2001)...................................................................................4

**Statutes**

28 U.S.C. § 1404...............................................................................................................................4

Illinois Consumer Fraud Act.......................................................................................................3, 8

Illinois Deceptive Trade Practices Act ......................................................................................3, 8

Lanham Act...................................................................................................................................3, 9

Tennessee Consumer Protection Act ............................................................................3, 9, 10, 11

Case 3:18-cv-01142   Document 30   Filed 12/20/18   Page 4 of 18 PageID #: 160

## I. INTRODUCTION

Plaintiff WokChow Development, LLC ("WokChow") alleges that Defendant DoorDash, Inc. ("DoorDash") unlawfully uses its name, logo, and menu on DoorDash's website, and seeks to represent a nationwide class of restaurants appearing on DoorDash's platform. So do Burger Antics, Inc., Sushi Para Ill, and Sushi Para Co.—the named plaintiffs in an action filed in the Northern District of Illinois that involves claims based on the same supposedly unlawful behavior brought on behalf of the same nationwide putative class (the "Illinois Action"). *See Burger Antics, Inc. v. DoorDash, Inc.*, 1:18-cv-00133 (N.D. Ill., filed Jan. 8, 2018). The two cases are substantially the same, albeit with different named plaintiffs and differently labeled (but functionally equivalent) causes of action. But the Illinois Action was filed more than nine months before this one.

There is no legitimate reason for WokChow to burden this Court and DoorDash with its copycat litigation. Pursuant to the first-to-file rule, which is well-established in the Sixth Circuit, this case should be transferred to the Northern District of Illinois or, in the alternative, stayed pending the earlier of (a) the resolution of the Illinois Action or (b) the denial of class certification in that case.

## II. FACTS

### A. DoorDash and Its Business

DoorDash connects customers with their favorite local restaurants. Answer ¶ 3. It offers a technology platform that allows customers to order food from those restaurants quickly and easily online, and have that food picked up from the restaurant and delivered to their door. *Id.*

Because customers value variety, DoorDash tries to connect customers with as many restaurants as possible. DoorDash's platform therefore lists both partner and non-partner restaurants. *Id.* ¶¶ 4-5. Partner restaurants enter into an express contractual agreement with

{018 3914 6.1 }

DoorDash whereby they agree, among other things, to pay a percentage of each order to DoorDash, while non-partner restaurants do not.  *Id.*

## B.  The Illinois Action

On January 8, 2018, Burger Antics, Inc. ("Burger Antics"), a non-partner restaurant that DoorDash had included on its technology platform, filed a putative class action against DoorDash in the Northern District of Illinois.  *See* Compl., *Burger Antics, Inc. v. DoorDash, Inc.*, 1:18-cv-00133 (N.D. Ill. Jan. 8, 2018), ECF No. 1.  Two additional restaurants, Sushi Para Ill and Sushi Para Co. (together with Burger Antics, "Illinois Plaintiffs"), joined the lawsuit as named plaintiffs in an Amended Complaint filed on March 14, 2018.  *See* Decl. of Joseph C. Gratz in Supp. of Def. DoorDash, Inc.'s Mot. to Transfer, or, in the Alternative, Stay submitted herewith ("Gratz Decl."), Ex. 1 (hereinafter, "Ill. Compl.").  The lawsuit was brought as a putative class action on behalf of "*[a]ll restaurants in the United States* whose restaurant name, Trade Dress and/or mark appear on the Defendants' [sic] website or, whose restaurant, when Googled, displays the Defendant as its delivery service and who have not entered into any agreement with Defendant to provide such delivery services during the relevant statute of limitations period."  *Id.* ¶ 30 (emphasis added).

In their Amended Complaint, Illinois Plaintiffs allege that DoorDash has no relationship with their restaurants, but nevertheless advertises the delivery of food from their restaurants, including by displaying their logos, names, menus and trademarks on DoorDash's platform.  *Id.* ¶¶ 18-24, 34.  The menu displayed on DoorDash's platform, according to Illinois Plaintiffs, contains different prices than the prices the consumer would pay if ordering food from Illinois Plaintiffs directly.  *Id.* ¶ 35.  Illinois Plaintiffs allege that DoorDash's use of their names, logos, menus and trademarks misleads consumers into believing that DoorDash is affiliated with Illinois Plaintiffs, and that DoorDash's use of their menus confuses consumers as to the price of

{018
3914
6.1.}

2

Illinois Plaintiffs' food. *Id.* ¶¶ 23-26. Lastly, Illinois Plaintiffs allege that the quality of the food and services that consumers receive through DoorDash's platform is lower than what consumers would receive if they had ordered from Illinois Plaintiffs directly. *Id.* ¶ 26. Based on these allegations, Illinois Plaintiffs bring claims for trademark infringement and unfair competition under the Lanham Act, as well as violations of the Illinois Deceptive Trade Practices Act and the Illinois Consumer Fraud Act. Ill. Compl. ¶¶ 1, 37-65.

DoorDash answered the Amended Complaint on April 20, 2018, and filed a counterclaim for the cancellation of Sushi Para's trademark. Gratz Decl. Ex. 2. Sushi Para filed an answer to DoorDash's counterclaim on May 18, 2018. Gratz Decl. Ex. 3. Class certification discovery is set to close on February 28, 2019. Gratz Decl. Ex. 4. Illinois Plaintiffs' class certification motion is due on April 15, 2019. *Id.*

### C. The Tennessee Action

More than nine months after the Illinois Action was filed, WokChow filed this action on behalf of a putative class of "[a]ll restaurants in the United States which appear on Defendant's website but have not entered into any agreement with Defendant to provide delivery services during the relevant statute of limitations period." Compl. ¶ 30 (hereinafter, "WokChow Compl."). Like Illinois Plaintiffs, WokChow alleges that DoorDash uses its name, logo and menu without its authorization, thereby misleading consumers into believing that DoorDash is affiliated with WokChow. *Id.* ¶¶ 9-20. Also like Illinois Plaintiffs, WokChow alleges that the prices appearing on DoorDash's version of WokChow's menu are higher than the prices that customers pay when ordering directly from WokChow. *Id.* ¶ 21.

Based on these allegations, WokChow brings claims for declaratory relief, tortious interference with prospective business relations, unjust enrichment, and violations of the Tennessee Consumer Protection Act. *Id.* ¶¶ 45-79.

## III.    ARGUMENT

WokChow asks this Court to devote substantial judicial resources to hearing a case that is already being litigated in the Northern District of Illinois.  WokChow's approach risks conflicting judicial decisions, and burdens this Court with unnecessary copycat litigation.  But this Court is not required to accept that risk or assume that burden.  Instead, the case should be transferred to the Northern District of Illinois or stayed pursuant to the first-to-file rule.

### A.    Legal Standard

The first-to-file rule is a "prudential doctrine" that gives courts the authority to transfer venue or issue a stay that is distinct from the authority to transfer venue under 28 U.S.C. § 1404. *See Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016); *Cook v. E.I. DuPont de Nemours & Co.*, No. 3:17-cv-00909, 2017 WL 3315637, at *2-3 (M.D. Tenn. Aug. 3, 2017) (Trauger, J.) (transferring case pursuant to the first-to-file rule).  The first-to-file rule "encourages comity among federal courts of equal rank" by recognizing that two cases involving substantially the same parties and issues should generally be heard in the court where the case was first filed.  *Baatz*, 814 F.3d at 789 (quoting *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assoc., Inc.*, 16 F. App'x 433, 437 (6th Cir. July 31, 2001)).  The rule "conserves judicial resources by minimizing duplicative or piecemeal litigation, and protects the parties and the courts from the possibility of conflicting results."  *Id.*

Application of the first-to-file rule is particularly appropriate when there are dueling class actions raising substantially similar claims.  "Litigating a class action requires both the parties and the court to expend substantial resources," and "if duplicative class actions were allowed to proceed unabated, the class members could be subject to inconsistent rulings."  *Id.* at 791; *see also Hughes v. Berryhill*, No. 16-352-ART, 2017 WL 3000035, at *1 (E.D. Ky. Feb. 21, 2017) (citing *Baatz* and noting that the first-to-file rule's goals of "encourag[ing] comity between

{018
3914
6.1.}

4

federal courts, conserv[ing] judicial resources, minimiz[ing] duplicative litigation, and protect[ing] the parties from conflicting results . . . . are particularly important to keep in mind when class actions in multiple district involve overlapping putative class members."). When the first-to-file rule applies, the court hearing the second-filed action has the discretion to, among other actions, transfer the case to the district where the first-filed case is pending or stay the second-filed case. *See Cook*, 2017 WL 3315637, at \*2-\*6 (citing *Baatz*).

Courts in the Sixth Circuit generally evaluate three factors in deciding whether the first-to-file rule applies: "(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Baatz*, 814 F.3d at 789. Here, all three factors dictate that this case should be transferred to the Northern District of Illinois, or stayed until either the Illinois Action is resolved or the Illinois court denies class certification.

### B.       The Illinois Action Was Filed First

The Illinois Action was filed first. The Sixth Circuit has held that "[t]he dates to compare for chronology purposes of the first-to-file rule are when the relevant complaints are filed." *Baatz*, 814 F.3d at 790; *see also Cook*, 2017 WL 3315637, at \*3. The Illinois Action was filed on January 8, 2018. This action was not filed until October 18, 2018—more than nine months later. *See Cook*, 2017 WL 3315637, at \*3 ("Because the Texas Action was filed nine months before the present action, the chronology of the two actions favors applying the first-to-file rule here.").

### C.       The Parties Are Substantially Similar

The second factor—similarity of the parties involved—also weighs in favor of applying the first-to-file rule. The first-to-file rule is satisfied so long as the parties in the two actions "substantially overlap"; a perfect match is not required. *Baatz*, 814 F.3d at 790; *see also Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 689-90 (E.D. Tenn. 2005)

("Importantly, for the actions to be duplicative, the parties need not be identical; they need only substantially overlap."). For class actions, when analyzing the "identity of the parties when applying the first-to-file rule, courts have looked at whether there is substantial overlap with the putative class even though the class has not yet been certified." *Baatz*, 814 F.3d at 790.

Here, DoorDash is the defendant in both actions.

The Plaintiffs substantially overlap as well. All members of the putative class in this case are also members of the putative class in the Illinois Action:

| Tennessee Class Definition | Illinois Class Definition |
|---|---|
| "All restaurants in the United States which appear on Defendant's [i.e., DoorDash] website but have not entered into any agreement with Defendant to provide delivery services during the relevant statute of limitations period." WokChow Compl. ¶ 30. | "**All restaurants in the United States whose restaurant name, Trade Dress and/or mark appear on the Defendants' [sic] [i.e., DoorDash] website** or, whose restaurant, when Googled, displays the Defendant as the delivery service **and who have not entered into any agreement with Defendant to provide such delivery services during the relevant statute of limitations period**." Ill. Compl. ¶ 30 (emphases added). |

That overlap satisfies the first-to-file rule. *See, e.g.*, *Baatz*, 84 F.3d at 791 (parties were substantially similar where the plaintiffs in the second-filed action "would be members of the [first-filed action's] class if it were certified[,] [e]ven though the [first-filed action's] class would also include additional members who are not plaintiffs in this action"); *Fuller*, 370 F. Supp. 2d at 690 (first-to-file rule applied when the classes of two collective actions were the same). That WokChow is not a named plaintiff in the Illinois Action is irrelevant: "The first-to-file rule in a class action suit requires the court to compare the proposed classes, not the named plaintiffs."

*Cook*, 2017 WL 3315647, at *3 (citing *Baatz* and other cases).[1]

### D. The Issues Are Substantially Similar

Both cases also raise the same legal and factual issues—namely, whether DoorDash may legally include non-partner restaurants on its technology platform. As with the question of the similarity of the parties, "the issues need only to substantially overlap in order to apply the first-to-file rule." *Baatz*, 814 F.3d at 791. Issues "substantially overlap" where they "have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Id.* (quotation marks omitted). That is the case here.

First, both the Illinois Action and this action arise out of the same facts. To name just a few:

- Both actions arise out of use by DoorDash of the Plaintiffs' name, logo, and menu without an express agreement, *see* Ill. Compl. ¶¶ 11, 19-20, 24-25; WokChow Compl. ¶¶ 19, 21, 22;

- Plaintiffs in both actions allege that DoorDash allows customers to use its technology platform to order food for delivery from restaurants that do not have an express agreement with DoorDash, *see* Ill. Compl. ¶¶ 19, 22; WokChow Compl. ¶¶ 3, 19, 20;

- Plaintiffs in both actions allege that the menu prices displayed on DoorDash are different than the prices consumers would pay if purchasing from Plaintiffs directly, *see* Ill. Compl. ¶ 25; WokChow Compl. ¶ 21;

---

[1] Even if the Court considers the named plaintiffs, WokChow is substantially similar to the Illinois Plaintiffs: WokChow and Illinois Plaintiffs are all restaurants appearing on DoorDash's technology platform that allegedly did not have any agreement with DoorDash who bring claims against DoorDash arising out of their appearance on that platform. *See, e.g.*, *Fuller*, 370 F. Supp. 2d at 690 (named plaintiffs in two collective actions were substantially similar where there were "all former Abercrombie employees who worked as managers-in-training and assistant managers, and their claims [were] based on this common characteristic").

- Plaintiffs in both actions allege that DoorDash's use of their name, logos, and menus confuses consumers into believing that DoorDash is affiliated with Plaintiffs, *see* Ill. Compl. ¶ 23; WokChow Compl. ¶ 23.

- Plaintiffs in both actions allege that food delivered through DoorDash is of lower quality than if consumers purchased the food from Plaintiffs directly, *see* Ill. Compl. ¶ 26; WokChow Compl. ¶ 29; and

- Plaintiffs in both actions allege that they are harmed when customers order food through DoorDash instead of ordering directly from Plaintiffs, *see* Ill. Compl. ¶ 34; WokChow Compl. ¶ 1.

Second, both cases turn on the same legal questions. At the heart of the Illinois Action is the question whether DoorDash infringes non-partner restaurants' federally registered or common law trademarks by featuring the non-partner restaurants on DoorDash's platform and facilitating delivery of food from the non-partner restaurants to consumers.[2]

WokChow has re-packaged Illinois Plaintiffs' trademark claims into Tennessee consumer protection claims, common law unjust enrichment claims, and tortious interference claims, but the key legal issues remain unchanged. All of the claims in this action will rise or fall with the trademark claims in the Illinois Action. Courts have repeatedly recognized, for example, that

---

[2] Illinois Plaintiffs bring claims for federal and common law trademark infringement, federal unfair competition based on false designation of origin, trademark dilution, and violations of the Illinois Deceptive Trade Practices Act and the Illinois Consumer Fraud Act. Ill. Compl. ¶¶ 37-65. Courts have recognized that the non-trademark claims asserted in the Illinois Action— namely, claims under Illinois's Uniform Deceptive Trade Practices Act, Illinois's Consumer Fraud and Deceptive Business Practices Act, and common law trademark infringement— "involve[] the same elements and proofs" as the trademark claims. *KJ Korea, Inc. v. Health Korea, Inc.*, 66 F. Supp. 3d 1005, 1012 (N.D. Ill. 2014); *see also* Ill. Compl. ¶¶ 55, 59 (alleging that DoorDash violates Illinois's Deceptive Trade Practices Act and Consumer Fraud Act by "falsely advertising that it is an approved delivery service for Plaintiffs and members of the Class and falsely suggesting that it has an agreement with Plaintiffs and the Class").

Tennessee Consumer Protection Act claims "require[] substantially the same analysis" as common law and federal trademark infringement claims. *Brimstone Recreation, LLC v. Trails End Campground, LLC*, No. 3:13-CV-331-PLR-HBG, 2014 WL 4722501, at \*4 (E.D. Tenn. Sept. 22, 2014) (citing cases). That is because the "core" question of both Tennessee Consumer Protection Act claims and trademark claims is the same: "whether the defendant's use of the disputed mark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties." *Id.* (citation omitted); *see also Tennessee Walking Horse Breeders' & Exhibitors' Ass'n v. Nat'l Walking Horse Ass'n*, No. 1:05-0088, 2007 WL 325774, at \*13 (M.D. Tenn. Jan. 31, 2007) (stating that "[l]ike [plaintiff's] claim for trademark infringement under the Lanham Act, each of these causes of actions requires proof of likelihood of confusion," in a case where the plaintiff had brought unfair competition, federal common law, and Tennessee Consumer Protection Act claims); *Microsoft Corp. v. Sellers*, 411 F. Supp. 2d 913, 920 (E.D. Tenn. 2006) ("Likelihood of customer confusion is the essence of the test for a violation of the Tennessee Consumer Protection Act.").

While not all unjust enrichment and tortious interference claims would necessarily raise the same issues as trademark claims, WokChow's unjust enrichment and tortious interference claims do. For its unjust enrichment claims, WokChow must show that WokChow conferred a benefit on DoorDash and that "it would be inequitable for [DoorDash] to retain the benefit without payment of the value thereof." *Pureworks, Inc. v. Brady Corp.*, No. 3:09-cv-983, 2010 WL 3724229, at \*12 (M.D. Tenn. Sept. 15, 2010) (quoting *Freeman Indus., LLC v. Easman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005)). Here, the only "benefit" that WokChow alleges DoorDash received was any revenue it earned by supposedly "holding itself out as an authorized delivery service of WokChow." WokChow Compl. ¶ 59. Thus, if consumers were not confused

about the affiliation (or lack thereof) between WokChow and DoorDash, there was no benefit to DoorDash and no unjust enrichment. Similarly, WokChow must show for its tortious interference claims that DoorDash not only caused a termination of an existing business relationship of WokChow's, but also that it did so with an "improper motive" or used "improper means." *Norvell Skin Sols., LLC v. Solaire Pty Ltd.*, No. 2:13-cv-0117, 2014 WL 3353246, at *3-*7 (M.D. Tenn. July 8, 2014). A defendant's means are improper only if they are illegal or independently tortious. *Id.* at *3. The only "improper means" that WokChow has alleged is DoorDash's supposed use of its name, logo, and menu. WokChow's tortious interference claim therefore turns on whether DoorDash's alleged use of its name, logo, and menu were independently tortious or illegal—in other words, whether DoorDash violated the Tennessee Consumer Protection Act or committed trademark infringement.

Accordingly, resolving the trademark claims in the Illinois Action would likely "leave[] little or nothing to be determined in" this case. *Baatz*, 814 F.3d at 791. If the Illinois court determines that DoorDash's alleged use of restaurants' names, logos, and menus does not cause consumer confusion, then DoorDash has not infringed any restaurants' trademark, violated Illinois consumer protections laws, been unjustly enriched, tortiously interfered with the restaurants' business relationships or violated the Tennessee Consumer Protection Act.

For that reason, allowing both cases to go forward in different districts risks inconsistent judgments, as one court could find (on a nationwide basis) that DoorDash may permissibly include non-partner restaurants while the other could find (also on nationwide basis) that it may not. While inconsistent judgments are always potentially problematic, there are particularly so in the class action context. If both cases go forward, not only DoorDash but also the members of

any class could be subject to conflicting, nationwide rulings.  *See id.*[3]

WokChow will likely argue that the mere fact that the causes of action in this case differ from those in Illinois precludes the application of the first-to-file rule.  But such a formalistic reading would mean that "parties, not courts, would determine when the [first-to-file] rule could be applied, and could force resource-draining duplicative class actions to proceed simultaneously."  *Baatz*, 814 F.3d at 791.  This result "would unduly burden the courts, and could be used as a vexatious litigation tactic."  *Id.*; *see also Hughes*, 2017 WL 3000035, at *1 ("[D]enying a stay simply because the plaintiffs' attorneys have evaded the first-to-file rule would be problematic.").  Courts have therefore applied the first-to-file rule even in cases where the causes of action in the first-filed cases differed from those in the second-filed case.  *See, e.g.*, *SNMP Research, Inc. v. Avaya, Inc.*, No. 3:12-CV-117, 2013 WL 474846, at *4–5 (E.D. Tenn. Feb. 7, 2013) (applying the first-to-file rule where the earlier-filed case alleged improper termination of a license agreement and the later-filed case alleged infringement of the copyrights associated with the software covered by the license agreement and breach of contract); *NCR Corp. v. First Fin. Computer Servs. Inc.*, 492 F. Supp. 2d 864, 867 (S.D. Ohio 2007) (applying first-to-file rule where first case involved antitrust claims and copyright invalidity claims, and second case involved copyright infringement claims because, among other reasons, "in a general sense, copyrights are, conceptually, related to the concerns animating the antitrust laws."); *Fuller*, 370 F. Supp. 2d at 690 (applying first-to-file rule where one action included an additional claim that was not part of the other action).

---

[3] Indeed, WokChow itself has recognized that inconsistent rulings would be problematic in this case.  *See* WokChow Compl. ¶ 43 (alleging that a class action is superior to other methods of adjudication because "[t]he prosecution of separate actions by individual Class members would create a risk of inconsistent and varying adjudications concerning the subject of this action, which adjudications could establish incompatible standards for Defendant.").

{018
3914
6.1 }

WokChow cannot evade the first-to-file rule by putting a new cover on an old book. Because this case raises substantially the same legal issues as the Illinois Action, the similarity of the issues favors transfer.

### E. No Equitable Factors Weigh Against Transfer or Stay

While courts may decline to apply the first-to-file rule based on equitable concerns, the Sixth Circuit has counseled that "deviations from the rule should be the exception, rather than the norm." *Baatz*, 814 F.3d at 792. In the absence of inequitable conduct, bad faith, anticipatory lawsuits, or forum shopping, courts generally apply the first-to-file rule when cases involve substantially similar parties and issues. *See, e.g.*, *Cook*, 2017 WL 3315637, at \*5-\*6 (transferring second-filed action to the district where the first-filed action was pending where none of the above equitable factors were present); *Plantronics, Inc. v. Clarity, LLC*, No. 1:02-CV-126, 2002 WL 32059746, at \*3 (E.D. Tenn. July 17, 2002) (same). Because there are no allegations of inequitable conduct here, this case should be transferred to the Northern District of Illinois or stayed.

## IV. CONCLUSION

The issues in this case will be materially resolved by the Illinois Action. Accordingly, this Court should grant DoorDash's motion to transfer this case to the Northern District of Illinois or, in the alternative, stay this case pending the resolution of the Illinois Action or the denial of class certification in that case.

Dated:  December 20, 2018                    DURIE TANGRI LLP


By:  _____ */s/ Joseph C. Gratz*
Ragesh K. Tangri (*Pro Hac Vice*)
Joseph C. Gratz (*Pro Hac Vice*)
Lauren E. Kapsky (*Pro Hac Vice)*
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:     415-362-6666
Facsimile:     415-236-6300
rtangri@durietangri.com
jgratz@durietangri.com
lkapsky@durietangri.com


Stephen J. Zralek (BPR No. 018971)
Maria Q. Campbell (BPR No. 033270)
BONE MCALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, TN 37219
Telephone:     615-238-6300
Facsimile:     615-238-6301
szralek@bonelaw.com
mcampbell@bonelaw.com

*Attorneys for Defendant*
*DOORDASH, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document on all counsel of record via

CM/ECF on this 20th day of December, 2018.

William F. Burns, Esq.
WATSON BURNS, PLLC
253 Adams Ave.
Memphis, TN 38103
(901) 529-7996
bburns@watsonburns.com

E. Adams Webb, Esq.
WEBB, KLASE & LEMOND, LLC
1900 The Exchange, S.E., Suite 480
Atlanta, GA 30339
(770) 444-0773
adam@webbllc.com

*Attorneys for Plaintiff*
*WOKCHOW DEVELOPMENT, LLC*

 */s/ Stephen J. Zralek*
Stephen J. Zralek

{018
3914
6.1 }

14